**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR MORGAN STANLEY CAPITAL I TRUST 2018-L1**,

*Plaintiff*,

v. Case No. 2:26-cv-02235-BCL-tmp

**HIGHLAND CHATEAU 5776 LLC, a Delaware limited liability company, and HIGHLAND HILLS 5776 LLC, a Delaware limited liability company**,

*Defendants*.

---

**ORDER DECLARING DEFENDANTS IN DEFAULT**

---

The Court ordered the parties to submit by September 7, 2026, briefing on whether Defendants Highland Chateau 5776 LLC and Highland Hills 5776 LLC should be declared in default. Doc. 36. Defendants have not complied, even though the Order warned them that failure to comply could result in sanctions, including but not limited to the striking of claims or defenses.

Plaintiff filed its brief on September 4, seeking to have Defendants declared in default *and* entry of default judgment. Doc. 38. The Court construes the filing as a motion for default and default judgment, and on that basis the motion is **GRANTED IN PART and DENIED IN PART WITHOUT PREJUDICE.**

The Motion for Default is **GRANTED** based on Defendants' failure to defend this lawsuit, failure to comply with the Court's order requiring a response (Doc. 36), and failure to retain new counsel. The Clerk **SHALL** enter Defendants' default.

The motion for entry of default judgment is **DENIED WITHOUT PREJUDICE**. To allow some time for Defendants to respond and in keeping with the policy of resolving matters on their merits, the Court will not grant default judgment simultaneously with entry of default, but Plaintiff **MAY** file a motion for default judgment **on or after September 16**. With or without such a motion, the Court may consider entry of default judgment on or after that date. Plaintiff is **ADVISED** (1) that any motion for default judgment should scrupulously adhere to Federal Rule of Civil Procedure 55, and (2) that any request for something beyond the typical default judgment for damages—e.g., keeping a receiver in place after judgment—should be justified by both citation to authority and argument. Briefing on point (2) is particularly important because the starting point is that "appointment of a receiver in equity is not a substantive right; rather, it is an ancillary remedy which does not affect the ultimate outcome of the litigation." Doc. 26 at 6.

**IT IS SO ORDERED**, this 11th day of September, 2026.

s/*Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE